UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOHAN DIAZ-VILLATORO,<br><br>                        Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                        Respondents. | Case No.: 25-CV-3087 JLS (SBC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

      Presently before the Court is Petitioner Yohan Diaz-Villatoro's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents Christopher LaRose's (Senior Warden, Otay Mesa Detention Center), Gregory Archambeault's (San Diego Field Office Director, ICE Enforcement Removal Operations), Todd Lyons's (Acting Director, U.S. Immigration and Customs Enforcement), Kristi Noem's (Secretary, U.S. Department of Homeland Security), Pamela Bondi's (U.S. Attorney General), Immigration and Customs Enforcement's, and Department of Homeland Security's (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 4). Petitioner did not file a Traverse. *See* Docket. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner is a citizen and national of Mexico with a family in the United States, a twelve-year-old U.S. citizen child. Pet. ¶ 1. At an unknown location in 1998, Petitioner entered the United States without being admitted, paroled, or inspected. *Id.* On August 22, 2025, Petitioner was stopped as he was driving to work by U.S. Immigration and Customs Enforcement (ICE) officers, *id.* ¶ 17, and charged with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i),[1] Ret. at 2. Petitioner was then placed in removal proceedings under 8 U.S.C. § 1229(a) and issued a Notice to Appear. *Id.* Petitioner is currently detained at the Otay Mesa Detention Center. Pet. ¶ 3. Petitioner claims that he is detained in violation of 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 25–36.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

---

[1] 8 U.S.C. § 1182(a)(6)(A)(i) designates as inadmissible, and therefore "ineligible to receive visas and ineligible to be admitted to the United States," illegal entrants who are present "without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General."

# DISCUSSION

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1225(g) and § 1225(b)(9) and that Petitioner has failed to exhaust his administrative remedies. Ret. at 6–10. Respondents then argue, if the Court finds jurisdiction and waives exhaustion, that Petitioner's claims fail on the merits because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. *Id.* at 10–14.

## I. Jurisdiction

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents claim that Petitioner's claims "necessarily arise from the decision or action by the Attorney General to commence proceedings and adjudicate cases." Ret. at 7 (simplified). The Court disagrees.

Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging the legality of DHS's misclassification of custody under § 1225(b), which deprived him of his statutory right to a bond hearing under § 1226(a). Pet. ¶¶ 25–31. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the

1  legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-
2  CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025).  Therefore,
3  § 1252(g) does not strip the Court of jurisdiction.

4  Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section."  8 U.S.C. § 1252(b)(9) (emphasis added).  Respondents argue that Petitioner is challenging "the government's decision and action to detain" during removal proceedings.  Ret. at 9.  Respondents assert that the decision to detain Petitioner arises from the "decision to commence removal proceedings" and thus is "an action taken . . . to remove [him] from the United States." *Id.* (quoting 8 U.S.C. § 1252(b)(9)).  Respondents conclude that the Court lacks jurisdiction under § 1252(b)(9).  *Id.*  Again, the Court disagrees.

Section 1252(b)(9) "has built-in limits, specifically, claims that are independent of or collateral to the removal process do not fall within the scope" of § 1252(b)(9).  *Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 810 (9th Cir. 2020) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (internal quotation marks omitted)).  "[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Id.*; *see also Garcia*, 2025 WL 2549431, at *3–4; *Nielson v. Preap*, 586 U.S. 392, 402 (2019) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)) (finding § 1252(b)(9) did not strip the court of jurisdiction because the petitioners were "not asking for review of an order of removal; they [were] not challenging the decision to detain them in the first place or to seek removal (as opposed to decision to deny them bond hearings); and they [were] not even challenging any part of the process by which their removability w[ould] be determined").

Here, as discussed above, Petitioner is not challenging the Department of Homeland Security's decision to commence removal proceedings, to adjudicate removability, or to exercise its general discretion to detain.  Petitioner is instead challenging the "his detention

without at minimum a fully custody determination" and his alleged misclassification depriving him of a bond hearing. Pet. ¶ 22. Therefore, § 1252(b)(9) also does not strip the Court of jurisdiction.

**II.   Exhaustion**

"Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citing *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court, following other courts in this District, finds that exhaustion would be futile because the Board of Immigration Appeals is obligated to apply the binding precedent of *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) to find that detention is mandatory under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Garcia*, 2025 WL 2549431, at *4–5; *Valdovinos v. Noem*, No. 25-CV-2439 TWR (KSC), slip op. at 9 (S.D. Cal. Sept. 25, 2025). Therefore, the Court concludes that exhausting administrative remedies would be futile.

1  III.   **Merits**

2     ***A. Detention Under § 1225(b)***

3     Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) as an applicant for admission. Ret. at 10. Petitioner argues that he has been unlawfully subject to the mandatory detention provision under § 1225(b)(2), which applies only to "applicants for admission" encountered at or near the border and not to individuals like Petitioner, who was apprehended in the interior and has been residing in the United States since 1998. Pet. ¶ 29. Petitioner alleges that he is entitled to an individualized bond hearing under § 1226(a), and that his mandatory detention based on the Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), contravenes "both the pain text of the statute and controlling Ninth Circuit precedent." *Id.* ¶ 27.

     Section 1225 applies to "applicants for admission" who are "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). Section 1225(b)(2)(A) provides in part that "an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly beyond a doubt entitled to be admitted, . . . shall be detained for a proceeding under [§ 1229a]." *Id.* § 1225(b)(2)(A).

     Section 1226(a) applies to a noncitizen who is "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226 provides, so as long as the detained noncitizen is not covered by § 1226(c), that pending such decision, the Attorney General may release the noncitizen on bond. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Section 1226(c) requires mandatory detention for noncitizens who have been charged with certain crimes listed in § 1182(a) and § 1227(a). § 1226(c)(1). Notably, § 1226(c)(1)(E) (enacted by the Laken Riley Act) requires mandatory detention for noncitizens who are (1) inadmissible under

1  §1182(a)(6)(A), (6)(C), or (7); *and* (2) charged with certain crimes.[2]  § 1226(c)(1)(E). "A
2  plain reading of this exception implies that the default discretionary bond procedures in
3  Section 1226(a) apply to a noncitizen who . . . is present without being admitted or paroled
4  but *has not been* implicated in any crimes as set forth in Section 1226(c)." *Rodriguez v.*
5  *Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *17 (W.D. Wash. Sept. 30,
6  2025).

7       Here, Petitioner is currently subject to mandatory detention at the Otay Mesa
8  Detention Center pursuant to § 1225(b)(2).  Pet. ¶¶ 26–31.  If the Court determines that
9  Petitioner is held pursuant to § 1226 and not § 1225(b)(2), Petitioner would be entitled to
10 a bond hearing in front of an immigration judge.

11      The Court follows other decisions in this Circuit finding that "seeking admission
12 requires an affirmative act such as entering the United States or applying for status, and
13 that it does not apply to individuals who, like [Petitioner], have been residing in the United
14 States and did not apply for admission or a change of status." *Mosqueda v. Noem*, No. 25-
15 CV-2304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025); *see, e.g.*,
16 *Vazquez v. Feeley*, No. 2:25-CV-01542-RFB-EJY, 2025 WL 2676082, at *11–16 (D. Nev.
17 Sept. 17, 2025); *Rodriguez*, 2025 WL 2782499, at *1 ("Every district court to address this
18 question has concluded that the government's position belies the statutory text of the INA,
19 canons of statutory interpretation, legislative history, and longstanding agency practice.");
20 *Guzman v. Andrews*,  No. 25-CV-1015-KES-SKO (HC), 2025 WL 2617256, at *4–5 (E.D.
21 Cal. Sept. 9, 2025) (finding that petitioner who was released on bond and rearrested was
22 entitled to a bond hearing under § 1226); *Garcia*, 2025 WL 2549431, at *8 (providing
23 petitioner with an individualized bond hearing under § 1226(a)); *Valdovinos*, No. 25-CV-
24 2439 TWR (KSC), slip op. at 9 (same).

---

[2] These crimes are "burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." § 1226(c)(1)(E)(ii).

Petitioner was not encountered at a port of entry, during inspection, or near the international boundary. Pet. ¶ 17. Petitioner was arrested in the interior of the United States by ICE Officers, not while presenting himself at the gate of entry to attempt to apply for admission. *Id.* Petitioner also has not taken any affirmative acts to seek admission but rather has been residing in the United States since 1998. *Id.* ¶ 29; *see also Kadir v. Larose*, No. 25-CV-1045 LL (MMP), 2025 WL 2932654, at *2–3 (S.D. Cal. Oct. 15, 2025) (finding that when petitioner scheduled an appointment for admission at the border that clearly qualified him as an applicant for admission under § 1225(b)).

Therefore, the Court concludes that Petitioner is not an applicant for admission under §1225(b) and is entitled a bond hearing under §1226(a).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>. Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody. As this concludes the litigation in this matter, the Clerk of Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: November 21, 2025

*[signature]*
Hon. Janis L. Sammartino
United States District Judge